ED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Frank Ventrella | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| **v.**  Seterus | ) | July Demand Requested |
| 14523 SW Millikan Way | ) | |
| Beaverton, OR 97005 | ) | |
| Defendant | ) | |

_____

## COMPLAINT

Now comes Plaintiff, by and through his attorney, and, for his Complaint alleges as follows:

1. Plaintiff, Frank Ventrella, bring this action to secure redress from unlawful collection practices engaged in by Defendant, Seterus.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes illegal any direct communication between a Debt Collector and Consumer when the Debt Collector knows that the Consumer is represented by an Attorney.

3. The FDCPA, per the Seventh Circuit Court of Appeals, makes clear that a Debt Collector can not suggest outcomes that can not legally come to pass. *Lox v. CDA, Ltd.*, [689 F.3d 818](#), 825 (7th Cir. 2012)

### JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

6. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

7. Plaintiff is a resident of the State of Illinois.

8. Defendant ("Seterus"), is an Oregon business entity with an address of 14523 SW Millikan Way, Beaverton, Oregon, 97005 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

9. Unless otherwise stated herein, the term "Defendant" shall refer to Seterus.

10. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

**11.** At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

12. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

13. Plaintiff was in default with the original mortgage at the time the mortgage was turned over for servicing to Defendant.

## **FACTS APPLICABLE TO ALL COUNTS**

14. Plaintiff was in arrearage with his mortgage lender before Defendant obtained the account.

15. Plaintiff's original mortgage loan note was transferred to Defendant at a time when Plaintiff was in default for her mortgage.

16. The Plaintiff's filed a Chapter 13 reorganization Plan on September 15, 2015.

17. Defendant was listed on the Petition as a Debt Collector and given proper notice from the Bankruptcy Court including that Plaintiff had an Attorney for this matter.

18. The Plaintiff's Chapter 13 Plan was Confirmed on February 26, 2016.
19. The house was protected by the Automatic Stay under 11 U.S.C. Section 362.
20. However, on shortly after Confirmation of the Chapter 13, Plaintiffs fell behind on their mortgage payment and Defendant filed a Motion to Lift the Automatic Stay.
21. The Plaintiff and original creditor entered into an "Agreed Order" conditioning the Automatic Stay on a repayment Plan for the post-petition mortgage arrearage.  See Exhibit A
22. On April 28, 2017, the original creditor filed a Notice with the Court that the Automatic Stay was null, due its alleging Plaintiff had not abided by the terms of the above mentioned agreed order.
23. However, on May 2, 2017, during an active Bankruptcy, Defendant contacted Plaintiff directly claiming that she was in Default, even though it had actual knowledge that Plaintiff had an Attorney in connection with this matter.
24. Said letter states, in part, "[F]ailure to cure the default on or before June 06, 2017 may result in acceleration of the sums secured  by the mortgage and may result in the sale of the premises."  See Exhibit B
25. There is no legal way, what is listed in paragraph 23 can legally happen; the original creditor must institute foreclosure proceedings, where Plaintiff will have rights to Counsel, various defenses and even more time to cure the default.

**FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

26. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
27. Defendant violated 15 U.S.C. Section 1692c by contacting the Plaintiff directly without contacting the Plaintiff's Attorney.
28. Defendant violated 15 U.S.C. Section 1692e by suggesting outcomes that are legally impossible to occur.

## STANDING AND INJURY

29. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

30. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

32. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

33. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiffs demand the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

                        Respectfully submitted,

                      /s/ John Carlin
                        John P. Carlin #6277222
                        Suburban Legal Group, P.C.
                        1305 Remington Rd., Ste. C
                        Schaumburg, IL 60173
                        jcarlin@suburbanlegalgroup.com
                        Attorney for Plaintiff

#

Case: 1:17-cv-03943 Document #: 1 Filed: 05/24/17 Page 5 of 5 PageID #:5

#